IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES DARRYL SLAYTON,
    Plaintiff,

vs.                                       Case No. 3:17cv442/RV/EMT

A. CASH, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on Plaintiff's motion seeking injunctive relief (ECF No. 9). Plaintiff initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 against officials in the Florida Department of Corrections at Taylor Correctional Institution (ECF No. 1). Since the time he filed his complaint in late June 2017, Plaintiff has been housed at Okaloosa Correctional Institution (ECF No. 1 at 2).

    Review of the complaint reveals that Plaintiff alleges he was assaulted by Defendants while at Taylor, was retaliated against, and was subjected to false disciplinary reports (ECF No. 1 at 5–7).

    In the instant motion for injunctive relief, Plaintiff complains about the conditions in his confinement cell, that he has been denied legal materials, and that he

has received physical threats and verbal abuse from certain staff members and his cellmate at Okaloosa (ECF No. 9 at 1–3).

Plaintiff's motion is construed as one for a preliminary injunction or temporary restraining order. The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *See* Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See* Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). The district court, however, must exercise its discretion in light of whether:

1. There is a substantial likelihood that Plaintiff will prevail on the merits;

2. There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to Plaintiff outweighs the threatened harm an injunction will do to the defendant; and

4. The granting of the preliminary injunction will not disserve the public interest.

*See* CBS Broad., Inc. v. Echostar Communc'n Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); Carillon Imp., Ltd., 112 F.3d at 1126. "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant

clearly establishes the 'burden of persuasion' as to the four requisites." CBS Broad., Inc., 265 F.3d at 1200 (citation omitted). Because the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed, the relief sought in the motion must be closely related to the conduct complained of in the actual complaint. Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975); *see also* Hicks v. Jones, 332 F. App'x 505, 508 (10th Cir. 2009) (quoting De Beers Consol. Mines v. United States, 325 U.S. 212, 220, 65 S. Ct. 1130, 89 L. Ed. 1566 (1945) ("A preliminary injunction is . . . appropriate to grant intermediate relief of the same character as that which may be granted finally"). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab., 72 F.3d 842, 842–43 (11th Cir. 1995).

Plaintiff's allegations do not provide a basis for granting injunctive relief. He provides only the broad, conclusory statements identified above in support of his motion. More importantly, since he is now at Okaloosa Correctional Institution, he is no longer at the institution—Taylor—that caused him the alleged harm. Accordingly, the relief sought in his motion does not appear closely related to the conduct

complained of in the actual complaint; nor are the persons from whom the injunctive relief could be obtained parties to the underlying action. Therefore, his request for injunctive relief should be denied.

As an additional matter, all of the Defendants named in Plaintiff's complaint work at Taylor Correctional Institution, and all of the events comprising the complaint occurred there. Taylor Correctional Institution is located in Taylor County, Florida, which is in the Tallahassee Division of this court. Venue is proper in a civil action not founded solely on diversity only in a judicial district: (1) where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events giving rise to the claims occurred; or (3) any judicial district in which any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

Although the Northern District of Florida is the correct district under the venue statute, because the events giving rise to the Complaint occurred in the Tallahassee Division, and all Defendants are located in the Tallahassee Division, this case should have been filed in that division of this Court. *See* 28 U.S.C. § 1391(b). Additionally, Northern District of Florida Local Rule 3.1 provides that a case in which venue

properly lies in this district may be transferred to another division by order of the Court. Transfer to the Tallahassee Division is therefore appropriate.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's construed motion for preliminary injunctive relief (ECF No. 9) be **DENIED**.

2. That this case be transferred to the Tallahassee Division of this court for all further proceedings.

At Pensacola, Florida, this 4th day of January 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**